UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JIANG XUE QIANG,

                                   Petitioner,

          -against-

IMMIGRATION AND NATURALIZATION SERVICE
(BICE); MICHAEL GARCIA, District Director;
CHARLES MEYERS, Warden, Passaic County Jail;
JOHN ASHCROFT, U.S. Attorney General,

                                  Respondents.
----------------------------------------------------------------x

**MEMORANDUM and ORDER**

05-CV-1878 (SLT)

**TOWNES, United States District Judge:**

        Petitioner *pro se*, Jiang Xue Qiang, bring this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), seeking an order directing respondent Immigration and Naturalization Service (now, United States Immigration and Customs Enforcement or "ICE") to release him on bond or to grant him supervised release from custody pending his removal from the United States. Petitioner, who was in custody in New Jersey at the time the instant petition was filed, has since been released. Accordingly, this action is dismissed.

        According to the Petition, petitioner is a citizen of the People's Republic of China who entered this country on a non-immigrant visa in 1992 and remained in the United States well beyond the six months permitted under that visa. At some unspecified point prior to 1999, the immigration authorities initiated removal proceedings against petitioner, during which petitioner agreed to depart the United States voluntarily. On January 19, 1999, the Board of Immigration Appeals issued a final order of removal, and plaintiff was subsequently released from custody pending his deportation. Petitioner did not appeal the order of removal, and does not seek to

challenge that order before this Court.[1]

On August 3, 2004, petitioner returned to ICE custody and was detained in the Passaic County Jail in New Jersey. Petitioner was not promptly deported, but remained in custody while the ICE unsuccessfully attempted to arrange his repatriation to China.

In April 2005, after approximately eight months of detention, petitioner filed the instant Petition, seeking to be released on bond or to be granted supervised release pending his deportation. Although the Petition was filed in this Court, it specifically states, "Venue lies in the United States District Court for the District of . . . New Jersey, the jurisdictional district in which the Petitioner resides." Petition at 2.

In their response to the instant Petition, respondents move to dismiss this Petition on two grounds. First, respondents argue that this Court lacks jurisdiction over this case because "[i]t is well-established that habeas challenges to present physical confinement must be filed in the district of confinement, here, the District of New Jersey." See Letter of AUSA Steven M. Warshawsky to Hon. Sandra L. Townes, dated May 25, 2005, at 2. Second, respondents contend that the Petition is moot because petitioner has already been released by ICE. In support of this argument, respondents submit a "Release Notification" dated April 6, 2005, and Orders of Supervision pertaining to petitioner's release. These documents conclusively establish that

---

[1] If petitioner sought to challenge his removal, this Court would be precluded from exercising jurisdiction over this Petition by section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." *Marquez-Almanzar v. Immigration & Naturalization Serv.*, 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. 05-CV-733 (PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

2

defendant is no longer in custody. Petitioner, whose current whereabouts are unknown to this Court, has not contested the government's motion to dismiss his Petition.

This Court agrees with the government that this Court lacks jurisdiction over this action. As a general rule, jurisdiction over "core habeas petitions challenging present physical confinement . . . lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The habeas petition in this case, which challenges only petitioner's immediate physical detention, rather than the decision to deport him to China, is a "core habeas petition." *See Deng v. Garcia*, 352 F.Supp.2d 373, 376 (E.D.N.Y. 2005); *see also Drakoulis v. Ashcroft*, 356 F.Supp.2d 367, 371 (S.D.N.Y. 2005); *Foncette v. Bureau of Immigration & Customs Enforcement*, No. 05-CV-3218 (CBA), 2005 WL 2334374, at *2 (E.D.N.Y. Sept. 23, 2005); *Shehnaz v. Ashcroft*, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004). Accordingly, this petition can only be brought in the district of confinement. *Padilla*, 542 U.S. at 443. Since the Petition specifically states that the district of confinement is the District of New Jersey, Petition at 2, this Court lacks jurisdiction over this case.

Although this Court might ordinarily transfer this petition to the District of New Jersey in the interest of justice pursuant to 28 U.S.C. § 1631, such a transfer would be futile in this case. The documents appended to the government's response conclusively establish that the Petition is moot because petitioner has already been granted the supervised release he seeks in his petition.

Accordingly, the instant petition is dismissed.

## CONCLUSION

For the reasons set forth above, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed. This Court lacks jurisdiction over this challenge to petitioner's

3

confinement in New Jersey. Moreover, because this petition has been rendered moot by petitioner's release from said confinement, this Court declines to transfer this case in the interest of justice pursuant to 28 U.S.C. § 1631. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 28, 2006